## Dickey v. Spears et al.

(Decided March 3, 1931.)

VINSON & MILLER for appellant.

LOVEL H. LILES for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part and reversing in part.

The appellant, Jane H. Dickey, and the appellee, Sam Spears, jointly owned a tract of land in Greenup county on which there was once an iron furnace. When it was abandoned, about 1887, there was left upon the land an immense pile of cinders or slag. This deposit covered perhaps two acres of land and was from 6 to 20 feet in depth. There appears never to have been any commercial value to this slag or any use to which it might be put until it was discovered in recent years that it made a substantial foundation for highways.

Without the knowledge or consent of his cotenant, Mrs. Dickey, the appellee Spears undertook to give away all of this slag to the state highway commission of Kentucky for the construction of a certain road in that vicinity. Something like 12,000 cubic yards of the slag were removed by the appellee Reeves, as a subcontractor under the highway department.

This suit was brought by Mrs. Dickey against Spears and Reeves to recover as damages one-half of the value of the slag removed, which value she placed at $1 per cubic yard. Upon a trial much evidence was introduced to prove that this material was worth around $1.25 per cubic yard. On the contrary, there was evidence that it was worth little or nothing and that the land upon which it rested was worth more than the slag. A jury returned a verdict in favor of Mrs. Dickey for $180, being the value of the 12,000 cubic yards at 3 cents per yard.

The appellant's counsel, who are not those who practiced the case below, say that it ought never to have been

instituted, or at least not in the form in which it was brought. In any event, they maintain that the value placed by the jury is flagrantly against the evidence, and the judgment should be reversed upon that ground.

The defendants have prosecuted a cross-appeal and insist that they should be relieved of this judgment altogether, because a tenant in common has the right to dispose of his share of personal property owned jointly.

The evidence is clear that less than one-half of this bulk was removed under the authority of the cotenant, Spears. Although he undertook to give away all of it, he had no authority, of course, to dispose of more than his own one-half. It was not alleged nor proved that there was any threat made to remove more than that. It is clear that the suit was founded upon the wrong theory and that so long as Mrs. Dickey's one-half of this property was not disturbed or threatened to be, she had no cause of action. It is the rule that when personal property is owned in common and it is easily susceptible of exact division by weight, measure, or number, each of the joint owners may take his proportion and thus make a valid partition of the personalty.

It is stated in Pickering v. Moore, 67 N. H. 533, 32 A. 828, 31 L. R. A. 698, 68 Am. St. Rep. 695 (quoting from 7 R. C. L. 824):

"A tenant in common of goods divisible by tale, measure or weight, may, without the consent and against the will of his cotenant, rightfully take and appropriate to his sole use, sell, or destroy so much of them as he pleases, not exceeding his share, and by so doing effect, pro tanto, a valid partition; and his cotenant who prevents him from so doing is guilty of conversion."

This is the rule of common sense. The law is not so unreasonable as to compel a resort to courts in order to obtain a division which either owner may make without expense and without danger of injustice to his cotenant.

Schouler on Personal Property, sec. 166, says:

"As to personal property which is severable in its nature and lies in common bulk of the same quality, each co-owner may sever and appropriate his own share at any time, if it can be determined by measurement, count, or weight; and whether he sell, consume or destroy it, this matters nothing to the

other co-owners so long as their respective shares are not injured thereby. Not only is the consent of the other co-owners, in absence of controlling stipulations, unnecessary to the completion of a severance in this manner, but they have no right to take the property into their exclusive keeping so as to prevent him from severing his interest."

The lower court erred in not dismissing the petition. It therefore results that the judgment should be and is affirmed on the original appeal, and reversed on the cross-appeal.